# EXHIBIT A

SEAN T. PAYNE, ESQ. 275652019
GINARTE GALLARDO
GONZALEZ & WINOGRAD, L.L.P.
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
Our File No.: 253744
Attorneys for Plaintiff, Veronica Romano

| | | |
|---|---|---|
| VERONICA ROMANO, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: ESSEX COUNTY |
| Plaintiff, | : | DOCKET NO.: ESX-L- |
| | : | |
| vs. | : | CIVIL ACTION |
| | : | |
| AWILDA ESPADA, FIRST STUDENT, | : | **COMPLAINT, JURY DEMAND,** |
| INC., JOHN and JANE DOES 1-10 | : | **DESIGNATION OF TRIAL COUNSEL,** |
| (fictitious unidentified individuals) AND | : | **DISCOVERY REQUESTS UPON** |
| ABC CORPORATIONS 1-10, (fictitious | : | **DEFENDANTS, AND REQUEST FOR** |
| individuals, corporations or other business | : | **ADMISSIONS** |
| entities presently unidentifiable) | : | |
| | : | |
| Defendants. | : | |

Plaintiff, Veronica Romano, residing at 6008 Rimini Landing Lane, in the Town of Porter, County of Montgomery and State of Texas by way of Complaint against the defendants says:

**FIRST COUNT**

1. On or about February 6, 2020, plaintiff was a seat belted permissive operator of a motor vehicle owned by Pablo Zuniga which was traveling Southbound on Undercliff Avenue at or near its intersection with Garden Place in the Town of Edgewater, County of Bergen and State of New Jersey.

2. On the same date, time and place, defendant, Awilda Espada, was the permissive operator of a School bus owned by defendant First Student, Inc .and which motor vehicle was being operated with the permission of the owner and/or as the agent, servant and/or employee of the owner and/or employer which was also Southbound on Undercliff Avenue at or near its intersection with Garden Place in the Town of Edgewater, County of Bergen and State of New Jersey.

1

3. Defendant First Student, Inc., is a Delaware Corporation with its Principal Place of Business located in Cincinnati, Ohio.

4. Defendant First Student, Inc., does business throughout the State of New Jersey including the County of Essex.

5. On the above mentioned date, time and place, defendant(s) owned, maintained, entrusted, inspected and/or operated their motor vehicle in such a careless, reckless and negligent manner as to cause a collision with the motor vehicle occupied by the Plaintiff.

6. Defendant First Student, Inc. is deemed to be vicariously liable for the tortious acts of its employee, defendant Awilda Espada.

7. As a direct and proximate result of the aforesaid negligence of the defendants, the Plaintiff suffered severe and permanent injuries, suffered and in the future will suffer great pain and distress, was and will be required to curtail his usual activities and pursuits, has and will incur lost wages and medical expenses.

8. This action is not barred by N.J.S.A. 39:6A-1, et seq.

**WHEREFORE**, Plaintiff demands judgment against the defendants jointly, severally or in the alternative, in the amount of his for damages together with interest, costs of this action and such further relief as the court deems equitable.

## SECOND COUNT

1. Plaintiff repeats and re-alleges the allegations of the prior Count as though set forth At length herein.

2. Defendants, John and Jane Does 1-10 and ABC Corporations 1-10, are heretofore unidentified individuals and business entities named herein for the express purpose of tolling the applicable statute of limitations.

3. On the same date, time and place defendants, and each of them, so carelessly,

recklessly and negligently caused a motor vehicle to cause a collision with the motor vehicle occupied by Plaintiff.

4. As a direct and proximate result of the negligence of the defendants, the Plaintiff suffered severe and permanent injuries, suffered and in the future will suffer great pain and distress, was and will be required to curtail his usual activities and pursuits, has and will incur lost wages and medical expenses.

5. This action is not barred by N.J. Stat. 39:6A-1, et seq.

**WHEREFORE**, Plaintiff demands judgment against the defendants jointly, severally or in the alternative, in the amount of his for damages together with interest, costs of this action and such further relief as the court deems equitable.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

                        GINARTE GALLARDO
                        GONZALEZ & WINOGRAD, L.L.P.
                        Attorneys for Plaintiff

BY: _____
     **SEANT T. PAYNE, ESQ.**

DATED:   February 1, 2022

## CERTIFICATION

I hereby certify that the within action is not the subject of any other action or arbitration proceeding nor is any contemplated.

                        GINARTE GALLARDO
                        GONZALEZ & WINOGRAD, L.L.P.
                        Attorneys for Plaintiff

BY:   */s/ Sean T. Payne*
     **SEANT T. PAYNE, ESQ.**

DATED:   February 1, 2022

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the firm of Ginarte Gallardo Gonzalez & Winograd, L.L.P. attorneys for Plaintiff, hereby appoint **SEANT T. PAYNE, ESQ.** as trial counsel.

                                     GINARTE GALLARDO
                                     GONZALEZ & WINOGRAD, L.L.P.
                                     Attorneys for Plaintiff

BY: ____/s/ *Sean T. Payne*____
                                     **SEANT T. PAYNE, ESQ.**

DATED:   February 1, 2022

### DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff hereby demands that all defendants provide answers to Form C and C-1 interrogatories.

### DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

Pursuant to Rule 4:17-1 et seq., plaintiff here by demands that all defendants provide answers to the following supplemental interrogatories.

1. Identify where you were coming from immediately prior to the incident and set forth your intended destination.

2. State whether you observed the plaintiff or plaintiff's vehicle prior to the collision. If yes, state the approximate speed of each vehicle/person; where you were at the time you first observed the other vehicle/person; the distance between you and the other vehicle/person at the first moment you observed the other vehicle/person; and the amount of time that passed from the time of your first observation to the time of the impact.

3. Set forth the number of impacts sustained by your vehicle as a result of the incident identified in the plaintiff's Complaint.

4. Provide the name and address of any individuals or entities that you allege are

4

responsible for the subject accident or plaintiff's alleged injuries. Please describe how you believe those individuals or entities are responsible.

### DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 4:18-1, et seq., plaintiff hereby demands that all defendants provide the following documents:

1. Any and all statements or reports made by any person or governmental entity concerning this civil action or its subject matter.

2. Copies of any and all photographs in your possession of the vehicles, the location, or the parties involved in this accident.

3. Copies of any and all repairs estimates of the vehicles involved in this accident.

4. Copies of any claims information bureau or other insurance claims searches or other documents referencing any prior or subsequent injuries and/or claims by the plaintiff.

5. Copies of any statements made by any person with regard to the happening of the collision or having to do with the subject matter of this action.

6. Copies of any and all expert reports, reports of diagnostic tests, hospital and medical records, X-rays, CAT scan films, MRI films and any other films and bills relating to any condition or injury sustained by the plaintiff.

7. Copies of all written reports or summaries of oral reports of all expert or treating or examining physicians along with their curriculum vitae.

8. Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to, utilized by or relied upon by any expert witness whom plaintiff/defendant intends to call at the time of trial.

9. Copies of any and all documents, reports, correspondence, blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of

any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses, whether or not you intend on calling them at the time of trial.

10. Copies of any and all photographs, diagrams, charts, drawings, maps, plans or models or other visual reproductions of any object, place or thing related to this litigation.

11. All documents, tangible evidence or other items relevant to the incident set forth in the plaintiff's complaint.

12. All deeds, leases, contracts, invoices, maintenance agreements, or records pertaining to any person, vehicle, or premises identified in the plaintiff's complaint.

13. Copies of any documents provided to drivers as part of their training or orientation.

14. If you are not supplying any statement, report, medical record or other item requested herein, identify the item; indicate who has possession of the item; specify their address and state the reason why the items are not being provided.

15. Provide copies of all documents you intend to use at trial, including cross-examination and for impeachment purposes.

16. Was any type of surveillance taken of the plaintiff and, if so, state the name, address and occupation of the person performing such surveillance, the dates of this surveillance, and produce copies of any and all surveillance materials along with logs and any other materials relating to the surveillance.

17. Provide all videos and/or images and/or photographs and/or any depiction of the plaintiff.

18. Provide all videos and/or images and/or photographs and/or any depiction of the accident scene and of the accident itself.

19. With respect to any expert of the defendant, provide:

   i) a complete statement of all opinions the witness will express and the basis

6

and reasons for them:
ii) the date or other information considered by the witness in forming them;
iii) any exhibits that will be used to summarize or support them;
iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition;
vi) a statement of the compensation to be paid for the study and testimony in this case.

## REQUEST FOR ADMISSIONS

Pursuant to Rule 4:22-1, et seq., plaintiff hereby demands that all defendants provide the following documents:

1. The incident that forms the basis of this action occurred on the date and at the place referenced in the complaint.

2. You owned the vehicle attributed to you in the complaint at the time of the accident described in the complaint.

3. You operated the vehicle attributed to you in the complaint at the time of the accident described in the complaint.

4. Your vehicle was involved in the accident described in the complaint.

5. You were operating the vehicle referred to in statement number three above with the permission of the owner.

6. You gave permission to operate the vehicle referred to in statement number four above to the person operating it at the time of the subject accident.

7. The statements attributed to you in the crash description of the police report were made by you.

8. The verbal threshold or lawsuit limitation does not apply since plaintiff's and/or defendants' vehicles were commercial vehicles.

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2 (b) demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action

or to indemnify or reimburse for payments made to satisfy the judgment. If the answer is "yes" attach a copy of each or in the alternative state, under oath or certification (a) number (b) name and address of insurer or issuer (c) inception and expiration dates (d) names and addresses of all persons insured thereunder (e) personal injury limits (f) property damage limits (g) medical payment limits (h) name and address of person who has custody and possession thereof (i) where and when each policy or agreement can be inspected and copied., (j) excess coverage, (k) concurrent coverage, (l) umbrella policies.

                                        GINARTE GALLARDO
                                        GONZALEZ & WINOGRAD, L.L.P.
                                        Attorneys for Plaintiff

                                  BY: _/s/ Sean T. Payne_____
                                       **SEANT T. PAYNE, ESQ.**

DATED: February 1, 2022

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-000819-22

**Case Caption:** ROMANO VERONICA VS ESPADA AWILDA

**Case Initiation Date:** 02/04/2022

**Attorney Name:** SEAN T PAYNE

**Firm Name:** GINARTE GALLARDO GONZALEZ WINOGRAD, LLP

**Address:** 400 MARKET ST NEWARK NJ 07105

**Phone:** 9738548400

**Name of Party:** PLAINTIFF : Romano, Veronica

**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Veronica Romano?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
     **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
     **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/04/2022                                                                                                          /s/ SEAN T PAYNE
Dated                                                                                                                           Signed

```
ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
465 MARTIN LUTHER KING JR BLVD
NEWARK            NJ 07102
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 776-9300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    FEBRUARY 04, 2022
                        RE:      ROMANO VERONICA   VS ESPADA AWILDA
                        DOCKET:  ESX L -000819 22

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JEFFREY B. BEACHAM

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
 AT:  (973) 776-9300 EXT 57395.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH   R.4:5A-2.
                        ATTENTION:
                                 ATT: SEAN T. PAYNE
                                 GINARTE GALLARDO GONZALEZ WINO
                                 400 MARKET ST
                                 NEWARK             NJ 07105


ECOURTS
```